Mary A. Malone
vs.  No. 86563.
Joseph Richards

January 20, 1934.

POULIOT, J. After a jury returned a verdict for the plaintiff in the sum of $2,500, the defendant moves for a new trial on the usual grounds.

The plaintiff's claim is, in substance, that on November 24, 1930, Charles Reynolds, her father, through the negligence of the defendant, received injuries which resulted in his death on March 15, 1931.

It appears that on the afternoon of November 24, 1930, Mr. Reynolds, who was employed by the Lorraine Mills in Pawtucket as a traffic policeman, had been engaged in directing the movement of automobiles in front of the company's plant while employees were leaving after their day's work, and was struck by an automobile operated by the defendant.

The plaintiff claims that the deceased was standing in the roadway about three feet out from the curb; that as defendant's automobile approached, deceased held up his left hand as a signal to the defendant to stop; that defendant's car continued on and did not stop until it had gone about three feet beyond the point where it hit the deceased.

The defendant's contention is that the deceased was on the sidewalk; that defendant's automobile turned out. to pass a parked vehicle, turned in toward the curbing, and that the deceased suddenly stepped off the sidewalk into the path of defendant's car.

There is a clear conflict as to how the accident happened. The determination of the contributory negligence of the deceased and of the negligence of the defendant were questions of fact for the jury to decide, and the Court cannot disturb the jury's finding on that determination, as there is ample credible evidence to support the verdict on that phase of the case.

The important point in this case is whether or not the plaintiff has proven. in accordance with the rules, that her father died as the result of the injuries he received in this accident.

Mrs. Malone testified that she had never known her father to be sick. Mr. Reynolds, in a statement given on January 16, 1931, to Walter J. Halliday, an investigator for the Liability Mutual Insurance Co., said, "I have never been sick for the past 12 or 14 years when I was operated on for hernia." This would seem to indicate that Mr. Reynolds was a man in good health at the time of the accident.

The testimony of Dr. J. L. Turner, who was called by the plaintiff, leads us to believe that Mrs. Malone and Mr. Reynolds were both mistaken as to the condition of the health of the deceased. About three weeks before the accident happened, Dr. Turner had begun treating the deceased. At that time he found him suffering from chronic nephritis, chronic heart trouble and high blood pressure. He determined his diagnosis from an examination which revealed to him: 1. Albumen, 2. Arterial pressure, 3. Some enlargement of the heart.

According to the death return, Mr. Reynolds died of uremia, chronic myocarditis and hypertension.

Dr. Turner told us that uremia is auto-intoxication, a condition having a duration of from ten days to three weeks, fatal, and follows the impairment of the kidneys which become progressively toxic as a result of their nephritic condition. In Mr. Reynolds the nephritic condition had been of some duration, as he found it to be chronic when he examined him prior to the accident.

Dr. Turner also stated that in his opinion the injuries accelerated his condition and affected the date of his death, but, as the Court's notes reveal, only after considerable hesitation. He would not state to what extent the injuries might affect the condition of the deceased. On the other hand, he readily admitted that, given the physical condition in which he found Mr. Reynolds when he examined him prior to the accident, Mr. Reynolds could have died any day following this examination from the diseases then obtaining in the patient.

The Court feels that the plaintiff has not proven her claim with reference to the death of Charles Reynolds by a fair preponderance of the evidence.

In view of the fact that the Court sees no foundation for assessing damages, no evidence being adduced that the deceased would have lived a single additional day but for this accident. it feels that the award of $2,500 was unwarranted. There should have been no verdict for damages to the plaintiff.

Therefore, defendant's motion for a new trial is granted.

For plaintiff: Fergus J. McOsker.

For defendant: Frank H. Bellin, A. S. Helford.